UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-MJ-03095-AOR

IN RE SEALED APPLICATION
FOR AN ORDER PURSUANT TO
18 U.S.C. 2703(d)
_____/

## ORDER AUTHORIZING DESTRUCTION AND NOTICE

Title 18 U.S.C. § 2703(c) allows the government, as part of a criminal investigation, to ask a court to order a "provider of electronic communication service or remote computing service to disclose [to the government] a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) (hereafter, "Subscriber Information"). 18 U.S.C. § 2703(c). Section 2703(d) sets forth the requirements of such an order. 18 U.S.C. § 2703(d). Applications for Section 2703(d) orders are a common government investigative tool to gather data potentially useful to the government in criminal investigations. The government typically submits those applications to the Court *ex parte* and under seal.

The government submitted such an *ex parte* application to this Court in June of this year. The application asked the Court to order a particular service provider (hereafter, "the Service Provider") to produce to the government Subscriber Information associated with five email accounts. On June 2, 2021, the Court issued an Order that granted that application ("the June 2nd Order"). (ECF No. 1).

1

On September 10, 2021, the government submitted an *ex parte* revised application for an order pursuant to 18 U.S.C. § 2703(d). It asked the Court to issue an Order to the same Service Provider, directing it to provide the government with Subscriber Information regarding one email account (the "Correct Email Account"). In its revised application the government demonstrated that it was entitled to receive that information, and I therefore issued that order. (ECF No. 2).

In the revised application the government also informed the Court that after the Service Provider delivered to the government the information that was the subject of the June 2nd Order, the government realized that it had made a one-character typographical error in one of the email accounts that was the subject of that Order. More specifically, although the government's application for that Order in the first instance properly spelled all five email accounts, it later in the application, and in the proposed Order that it submitted to the Court – which the Court signed – inadvertently dropped one character of one email account. As a result of this simple error, the June 2nd Order incorrectly ordered the Service Provider to give the government Subscriber Information about one email account for which the government, in fact, had no interest, and no right to obtain (hereafter, "the Incorrect Email Account"). The government further explained that upon receipt of the Subscriber Information data set for the Incorrect Email Account, it took the routine step of sorting that data onto a spreadsheet, which was then provided to a government investigator for analysis. It was at this point that the investigator realized the error and therefore sealed both the Subscriber Information data set and the spreadsheet with information about the Incorrect

2

Email Account (together, the "Information"), to ensure that the government would make no further review of that information.

In response to the revised application, on September 14, 2021, I issued a Sealed Order that directed the government to file, under seal, a memorandum of law that addressed (1) whether it is proper for the government to preserve under seal the Information, or destroy it, and (2) the form and content of notice that should be given to the subscriber of the Incorrect Email Account. (ECF No. 2).

The government thereafter filed a sealed Memorandum of Law, in which it persuasively argued that in this instance it is proper, and preferable, for the government to destroy the Information. In addition, the government detailed every location within the government where the Information was stored and confirmed that it had been destroyed, except for one copy, which is sealed and under the control of the government counsel, who will destroy that final copy upon Court authorization. (ECF No. 4).

The government has not provided any legal authority in the context of Section 2703(d) that directly addresses the steps the government, and the court, should take in these circumstances, and the Court's own research has not located any such authority. However, Rule 41(g) of the Federal Rules of Criminal Procedures does provide some guidance, albeit in a different situation. The Rule authorizes a property owner to obtain the return of their seized property if it was seized unlawfully, or even if it was lawfully seized – but then only if that person is "aggrieved by…the deprivation of [the] property." Fed. R. Crim. P. 41(g). The drafters reasoned that, in the latter circumstances, "[c]ourts have recognized that once the government no longer has a need to use evidence, *it should be returned*." Fed. R. Crim.

P. 41 advisory committee's note to 1989 amendment (emphasis added). This principle supports the conclusion that the government should destroy, rather than maintain under seal, the Information. Of course, here, it makes little sense for the government to return the Information, as it did not deprive the Service Provider of the information. The Court is nonetheless guided by the notion expressed in the commentary to the 1989 amendment, that the government should not retain information that it does not have a need for and should not have received.

The government has also demonstrated that destruction of the Information will not run afoul of its document preservation obligations. Record retention is governed by 44 U.S.C. § 3301 et seq., which defines "records" as

> ...all recorded information...made or received by a Federal agency under Federal law...and preserved or appropriate for preservation by that agency...as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them.

44 U.S.C. § 3301(a)(1)(A). The government received the Information by accident, it has no relevance to any ongoing government investigation, and need not be preserved as evidence of the agency's operations or for any of the other reasons set forth in section 3301(a)(1)(A). The government's reporting of the error to the Court, and its providing notice of the error to the subscriber of the Incorrect Email Account makes a sufficient record of government action.

As a final matter, the government attached to its Memorandum of Law a proposed Letter of Notification (hereafter "the Notification") that government counsel proposes to send to the subscriber of the Incorrect Email Account, informing that individual of the

4

mistaken and unintended seizure of the Information from his or her email account. I find that the Notification provides full and fair notice to the subscriber of the Incorrect Email Account of the unintended seizure of information about his or her email account, and the later destruction of that information. The Notification does so without disclosing any information about the government's ongoing criminal investigation, which does not in any way concern the subscriber of the Incorrect Email Account and which should remain confidential. The Court has attached to this Order a copy of that Notification, with all identifying information redacted, as an Appendix to this Order.

Considering the foregoing, the Court makes the following findings. First, the typographical error in the government's initial application and proposed Section 2703(d) order was inadvertent and accidental. Second, the government had an obligation to promptly notify the Court of the error in its *ex parte* Application and proposed 2703(d) Order, and it met that obligation. Third, the government must destroy the Information it erroneously received, in any form in which it is held by the government. Finally, the government must give prompt notice to the account holder of the Incorrect Email Account of the erroneous seizure of information about that account, of any use the government made of that information and the government's later destruction of that information; and provide the Court written confirmation that it has taken these steps.

Accordingly, the Court hereby **ORDERS** the government to destroy its remaining copy of the Information, and immediately thereafter date, execute and send the Notification to the account holder of the Incorrect Email Account.

The Court **FURTHER ORDERS** the government, within two days of taking the steps ordered above, to file with this Court a notice that it has taken those steps.

DONE AND ORDERED at Miami, Florida this 30th day of September 2021.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE